## J. W. HENNING & SPEED *v.* W. A. HANSER & WIFE.

**Assignment for Benefit of Creditors—Disbursements by Trustee.**
> When a trustee for the benefit of all the creditors sells the property and without giving notice of any kind to the creditors, pays out all of the proceeds to some of them and nothing to others, he and his sureties are liable to such omitted creditors.

**Duty of Trustee to Give Notice to Creditors.**
> It is the duty of a trustee to ascertain who the creditors are and to give them such reasonable notice by publication or otherwise before distribution as to enable the creditors to present their claims.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 28, 1876.

OPINION BY JUDGE PRYOR:

The house and lot located on Broadway in the city of Louisville was conveyed to the appellants on June 1, 1873; and on July 17, of the same year this property was sold by them on long payments, the last falling due four years from the day of sale. On August 19, following, the whole of the proceeds of sale had been distributed or paid out by the appellants to the individual creditors of Longee. That the assignees acted with no improper motives cannot be questioned; and whilst diligence as well as promptness on the part of

fiduciaries is to be encouraged, rather than disapproved, still when such waste is made in a sale like this as to lose sight of the most vigilant creditor and his claim, the trustee or assignee will be held responsible.

Here was a conveyance to the appellants for the benefit of all the individual creditors of Longee, the grantor, and in less than three months after the conveyance is made the property has been sold and the entire proceeds paid over to a part of the creditors, regardless of the rights of others. No public notice was given in the newspapers of the city, or by any other mode, requiring the creditors to present their claims or to list them with the appellants for payment; but relying on the representations of the assignor or grantor, the appellants assumed the responsibility of paying out the whole of the proceeds of sale, by which the appellee, who was a bona fide creditor of Longee, is excluded from any participation in the fund, created, by the express terms of the deed, for her benefit as well as the other creditors.

The argument that the claim was not presented or asserted until near six months had expired from the date of the deed cannot affect the appellee, for the reason that the fund had long prior thereto been distributed. The delay may be urged as indicating an intention on the part of Mrs. Hanser of looking to the Indiana property alone for payment; but when the value of this property is considered in connection with the testimony of the appellee, as well as Longee, we are satisfied that no such understanding or agreement existed between them. That she was solicitous as to the security held for her debt is certain, and the facts conduce to show with equal certainty that she was ignorant of the action on the part of the appellants in paying out this money. The recording of the deed from Longee and wife may operate as a notice to her that the conveyance had been made, and the recording of the deed by the appellants to Smith and wife as notice that the appellants, by virtue of the conveyance, had sold the property. They were invested with the power to sell, and a creditor in looking to the contents of this deed with the payments deferred for so long a time, had no reason to expect that he would realize much of his demand within any short period of time. The liens upon the property were first to be paid, leaving the notes that were to mature last to satisfy the general creditors; and certainly there is nothing on the face of the deeds to increase the vigilance of those holding claims against this fund. They had the right at least to expect that some notice would be given creditors

as to the time when a distribution would be made. This is certainly a conveyance of property for the benefit of creditors. They were the only beneficiaries, and no claim should have been paid in preference to another, so far as the individual creditors were concerned, except as to those holding liens upon the house and lot.

In the case of *Bryant v. Russell,* 23 Pick. 508, cited by counsel for appellants, the fund was not held in trust to pay creditors ratably, but the trustees were required to pay the several debts as they should fall due. It is expressly decided in the case cited that when the fund is to pay creditors equally and the assignees proceed to pay one in full, it would be manifestly a payment in their own wrong, which neither law nor equity could justify or excuse.

In the present case, it may be assumed that the principal debtors believed that their assets would more than discharge their indebtedness, and that such was the exhibit made to the committee on behalf of the creditors. This view of the case is sustained by the record; still the conveyance by Longee was, first, to pay the lien debts; second, the individual creditors; third, the debts of Lithgon & Co., and if any was left to Mrs. Longee. Now it is maintained that the trustees, acting in good faith, and without giving notice to creditors, had the right to pay out to such creditors as they knew held claims at any time after the assignment, to the exclusion of others, provided they were in ignorance of the fact that such claims existed. Under such a rule, if the trustees had been informed by Longee that he had no individual debts, and they were in ignorance of any existing against him, a payment by them within the same period of the entire fund to the creditors of Lithgon & Co. (after satisfying the liens), would have exonerated them from all responsibility. The creditor would be required not only to know of the arrangement and the sale by the assignee, but the time of distribution, without any notice whatever from the party whose duty it is to administer the trust. It is the duty of the trustee to apply the funds as directed, and a payment to one or more creditors of the entire fund, to the exclusion of others, without notice to creditors whose claims are unpaid, will make the trustee responsible.

An advertisement, in such a case as this, in the Louisville papers, calling upon creditors to present their claims for payment within a reasonable time, or to list them so that they might be paid, or some other public notice from which the creditor might derive a knowledge of the fact that distribution would be made, would relieve the trustee from individual responsibility; but a payment without notice,

as in this case, however ignorant the trustee may be of the claims of others, cannot, in contemplation of law, be a payment in good faith. That the assignees were required to pay five per cent. of the debts secured, when they held that much of the proceeds of the property in their hands, constitutes no defense. This per cent. was to be paid to such creditor as classified, and hence the necessity of notifying creditors to present their claims in order that distribution might be made.

There was an express trust created by the deed for the benefit of creditors; and it was the duty of the trustee to ascertain who they were to give such reasonable notice before distribution as to enable the creditors to present their claims; and in this respect this case differs from the case of *Pope v. Wickliffe,* 7 T. B. Mon. 412, where an administrator had paid debts of an inferior grade, without notice of debts of a superior dignity. We are also inclined to the opinion in this case that if the trustee, under a general direction to pay creditors, had made a payment without notice of a lien by some one creditor, that he would be protected so far as the lien existed, and the lien credited could only recover of the trustee his pro rata share of the fund.

In *Pinkston v. Brewster, Solomon & Co.,* 14 Ala. 7, it is said: "We cannot readily perceive how a trustee can be said to be acting in the 'good faith' required by the law, who makes a distribution between creditors by the application of all the trust funds in his hands to the payment of one creditor, leaving the remainder of the creditors wholly unpaid." If the trustee has acted without due caution and has paid a large demand to one creditor, leaving the others unpaid, he must suffer. *Green, et al., v. Winter,* 1 Johns. Chy. (N. Y.) 26. In the case before us the assignees must be treated as if they had notice of appellee's claim, for the reason that their hasty action, however pure their motives, precluded the appellee from participating in the fund. They undertook to apply the funds as directed.

There can be no doubt as to the creditors they were required to pay, and a payment or disbursement without notice was such a misapplication of the fund as made them responsible. Nor should the court, in determining the amount due the appellee, Mrs. Hanser, have credited her claim by the $16,500 expressed as the consideration for the conveyance of the Indiana property. An action had been instituted in an Indiana court having jurisdiction to determine the controversy between the parties, in which it was distinctly alleged that it was in the nature of a mortgage to secure the $28,000 debt.

The defendant, Longee, as well as the appellants, who were the assignees of Longee, were made parties to that action and answered. A judgment was rendered subjecting the property to the payment of this note, and in effect determining that it was a mortgage. It is now too late for the assignees to present such a defense, or to open a litigation to which they were not only parties, but made defense; nor can we see, if intended by the parties to operate as a mortgage only, how third parties can take advantage of it, if such in fact was the contract between the parties.

The debts of Lithgon, or his assignee, against Longee, were properly rejected. These conveyances had been made at the instance of Lithgon, upon what purported to be a full exhibit of not only all the firm liabilities of Lithgon & Co., but the individual indebtedness of each partner. These claims were not then listed or asserted, and would not have been now but for the institution of this action. The creditors had the right to rely on the disclosures made by the firm, as well as by each partner. They accepted the provisions contained in the deeds executed by the parties, and granted the extension of time upon the faith of the representations made by Lithgon as to the indebtedness. The appellee is claiming under the deed, and is as much entitled to hold under it as any creditor participating in the meeting from which resulted the settlement between the parties. Lithgon has, in effect, said to all the creditors, "I have no claim against Longee;" but now he has taken the firm property, valued at near a half million of dollars, showing a surplus of over $200,000 after paying the debts, that is or was subject to a distribution between the partners upon a settlement thereafter to be made. The bankruptcy of Longee has terminated all hope of the partners realizing any of this indebtedness. There is no equity whatever in Lithgon's claim.

The case of *Logan v. Anderson*, 18 B. Mon. 92, settles the question as to the refusal of the court to deduct the amount realized from the Indiana mortgage, before determining the appellees' proportionable part of the fund. That the property of Mrs. Longee was mortgaged to secure the debt cannot vary the rule. The whole property was liable for its payment as much so as that of any other claim presented. Mrs. Longee is not affected by it, nor can we well see how the rights of the surety could be prejudiced at all, when all the property is insufficient to pay the debts. A judgment has been rendered against the appellants for the costs expended by them, and as appellees were under the necessity of instituting this action in order

to enforce the claim of applicants, by reason of a breach of the trust on their part, we see no injustice in requiring them to pay the costs, and particularly when they are made to pay no interest. The judgments in the case of *Henning & Speed v. W. A. Hanser and Wife,* and that of *Henning & Speed v. Hensen and Wife,* are both *affirmed.*

*James Speed, Barr, Goodloe & Humphrey, for appellant.*

*John Roberts, D. M. Rodman, for appellees.*